UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DAVID J. DAVIS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | 1:06-cv-218-SEB-VSS |
| ATU LOCAL #1070, et al., | ) ) ) | |
| Defendants. | ) ) | |

### Entry Discussing Motion to Dismiss

Plaintiff Davis alleges that he was wrongfully terminated in violation of the parties' collective bargaining agreement. His claim against his former employer and against ATU Local #1070 is brought pursuant to the National Labor Relations Act. "Section 301 of the Labor Management Relations Act, 1947 (the "LMRA"), 29 U.S.C. § 185, governs the employer's duty to honor the collective bargaining agreement, and the duty of fair representation by a union is implied under the scheme of the National Labor Relations Act (the "NLRA")." *Miller v. Whirlpool Corporation,* 2006 WL 2597886, *3 (S.D.Ind. September 8, 2006)(citing *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 164 (1983)).

Plaintiff Davis was given the opportunity to supplement his response to the motion to dismiss as to the defendants' argument that the court lacks subject matter jurisdiction. As noted in the Entry of November 1, 2006, subject matter jurisdiction "is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998).

That is the case here, meaning that the motion to dismiss for lack of subject matter jurisdiction must be **granted.** The reasons for this ruling are that: a) his former employer, Indianapolis Public Transportation Corporation, is a government entity (a public transportation corporation) under IND. CODE §§ 36-9-4 *et seq.*; b) 29 U.S.C. § 152(2) provides that the term "employer," as used in the LMRA, shall not include "any State or political subdivision thereof," see *N.L.R.B. v. Parents and Friends of the Specialized Living Center,* 879 F.2d 1442, 1448 (7th Cir. 1989) (citing *NLRB v. Natural Gas Util. Dist. of Hawkins County,* 402 U.S. 600, 604-05 (1971)); c) the defendant Union, ATU Local #1070, is a "labor organization"; and d) "[b]y extension, unions who represent public employees do not fall under the purview of the LMRA's provisions regarding fair representation." *O'Donnell v. Daley,* 2002 WL 100443 *3 (N.D.Ill. January 25, 2002)(citing cases).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 11/16/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana